IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHAKEE WILDER,<br><br>        Plaintiff,<br><br>    v.<br><br>DR. FRANCIS MEO, et al.,<br><br>        Defendants. | Civil Action<br>No. 15-6502 (AET-TJB)<br><br>**OPINION** |

APPEARANCES:

Shakee Wilder, Plaintiff Pro Se
#469791/523983C
Southern State Correctional Facility
4295 Route 47
Delmont, New Jersey 08314

RECEIVED
OCT 30 2015
AT 8:30_____
WILLIAM T. WALSH — M
CLERK

**THOMPSON, District Judge:**

**I.   INTRODUCTION**

    Before the Court is Plaintiff Shakee Wilder's ("Plaintiff"), submission of a civil rights complaint pursuant to 42 U.S.C. § 1983. (Docket Entry 1). Plaintiff is a state prisoner currently confined at Southern State Correctional Facility, Delmont, New Jersey. By Order dated September 14, 2015, this Court granted Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). (Docket Entry 2). At this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to

state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the complaint shall be dismissed.

## I. BACKGROUND

On August 31, 2015, Plaintiff filed a complaint against Doctors Francis Meo, Sharamlie Perera, and Robert Woodward, New Jersey Department of Corrections ("DOC") Commissioner Gary Lanigan, U.M.D.N.J.,[1] Northern State Prison ("NSP"), and John Does 1 and 2. (Docket Entry 1). The following factual allegations are taken from the complaint and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

According to Plaintiff's complaint, doctors at Northern State Prison and St. Francis Medical Center misdiagnosed him with Crohn's disease in approximately August 2011. (Docket Entry 1 at 4). Plaintiff later discovered he did not have Crohn's disease and "had to seek medical attention in Smyrna, TN to remove portion[s] of [his] small and large bowel to reestablish bowel continuity." (Docket Entry 1 at 4). He further alleges he sustained severe inflammation in his abdomen and pelvis, "causing terminal small bowel and proximal large bowel which

---

[1] The Court understands this acronym to refer to the University of Medicine and Dentistry of New Jersey.

2

required operative intestinal resection and anastomosis in order to remove the source of [his] peritonitis and reestablish bowel continuity." (Docket Entry 1 at 5).

Plaintiff alleges Dr. John Doe at Northern State Prison failed to provide him with medical attention when he submitted his medical request. (Docket Entry 1 at 4). He asserts Dr. Meo misdiagnosed him with Crohn's disease at St. Francis, and Dr. Perera confirmed that diagnosis. (Docket Entry 1 at 4). He asserts supervisory liability against Dr. Woodward as the head of the medical unit at the DOC and Gary Lanigan as the DOC Commissioner. (Docket Entry 1 at 4). Petitioner requests damages for medical costs and pain and suffering. (Docket Entry 1 at 5).

## II. DISCUSSION

### A. Standards for a Sua Sponte Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a

3

defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A because Plaintiff is a prisoner proceeding *in forma pauperis* and is seeking relief from governmental entities and employees.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim,[2] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210

---

[2] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

(3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

**B. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

§ 1983. Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S.

42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

**C.     Claims against Northern State Prison**

Plaintiff names Northern State Prison as a defendant, however it must be dismissed from this action because a jail is not a "person" amenable to suit under § 1983. *See Adams v. Hunsberger*, 262 F. App'x 478, 481 (3d Cir. 2008) (per curiam) (District Court properly dismissed Section 1983 claims against state department of corrections as it is not a "person" within the meaning of Section 1983) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)); *Grabow v. S. State Corr. Facility,* 726 F. Supp. 537, 538-39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983). Accordingly, this Court will dismiss with prejudice all claims asserted against NSP.

**D.     Claims against Individual Doctors**

Plaintiff appears to be alleging denial of adequate medical care against Doctors Meo, Perera, and Doe. The claims must be dismissed at this time for failure to state a claim; however, Plaintiff shall be given leave to amend his complaint.

The Eighth Amendment proscription against cruel and unusual punishment requires prison officials to provide inmates with adequate medical care for their serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). In order to set forth a

6

cognizable claim for a violation of his right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *Id.* at 106. "However, '[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.'" *DeJesus v. Corr. Med. Servs., Inc.*, 574 F. App'x 66, 68-69 (3d Cir. 2014) (alterations in original) (quoting *United States ex rel. Walker v. Fayette Cnty.*, 599 F.2d 573, 575 n.2 (3d Cir. 1979)). "[A] prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference." *Andrews v. Camden Cnty.*, 95 F. Supp. 2d 217, 228 (D.N.J. 2000) (citing *Peterson v. Davis*, 551 F. Supp. 137, 145 (D. Md. 1982), *aff'd*, 729 F.2d 1453 (4th Cir. 1984)). Similarly, "mere disagreements over medical judgment do not state Eighth Amendment claims." *White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990).

Plaintiff's complaint alleges simply that he was misdiagnosed with Crohn's disease by Drs. Meo and Perera. (Docket Entry 1 at 4). These allegations of a "misdiagnosis" sound in a state law tort claim of medical malpractice or medical negligence, and are not actionable under § 1983. *See*

7

*White*, 897 F.2d at 108 (allegations of medical malpractice are not sufficient to establish a constitutional violation); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."); *DeJesus*, 574 F. App'x at 68-69. In the absence of any indicia of deliberate indifference, Plaintiff's claims must be dismissed.[3] To the extent the complaint could be read as asserting negligence and medical malpractice claims under New Jersey state law, the Court declines to exercise supplemental jurisdiction. 28 U.S.C. § 1367(a).

Plaintiff also alleges Dr. Doe, a NSP employee, failed to provide him with medical attention. (Docket Entry 1 at 4). Plaintiff's claim against Dr. Doe must be dismissed as he does not set forth any facts regarding what medical care was denied and how Dr. Doe exhibited deliberate indifference. "[A]n unadorned, the defendant-unlawfully-harmed-me accusation" is not

---

[3] The Court also notes that Plaintiff indicates Drs. Meo and Perera are employed by St. Francis Hospital. In order for a claim to proceed under § 1983, there must be some state action. In the event Plaintiff elects to move to amend his complaint, he must state how Drs. Meo and Perera may be considered state actors. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

sufficient for a complaint to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff's claims against Drs. Meo, Perera, and Doe are dismissed without prejudice for failure to state a claim. Plaintiff may move for leave to amend his complaint.

**E. Claims Against Supervisory Defendants**

Plaintiff asserts Dr. Woodward and Commissioner Lanigan are liable to him as the supervisor of the DOC medical unit and the DOC Commissioner, respectively. (Docket Entry 1 at 4).

"Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Iqbal*, 556 U.S. at 676. State actors may be liable only for their own unconstitutional conduct. *Bistrian v. Levi*, 696 F.3d 352, 366 (3d Cir. 2012). The Third Circuit has identified two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates: (1) "liability may attach if they, with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm"; or (2) "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiffs rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Barkes v. First Corr. Med., Inc.*, 766

9

F.3d 307, 316 (3d Cir. 2014) (internal citations omitted), *rev'd on other grounds sub nom Taylor v. Barkes*, 135 S. Ct. 2042 (2015).

Plaintiff has set forth no facts regarding Defendants Woodward's and Lanigan's individual liability; therefore, the claims against them must be dismissed without prejudice. Plaintiff may move to amend his complaint as to these claims.

**F. Claims Against U.M.D.N.J.**

Petitioner also names U.M.D.N.J. as a defendant, however he does not set forth anything in his complaint that would enable the Court to determine the nature of his complaint against that entity. The claims against U.M.D.N.J. must therefore be dismissed without prejudice, and Plaintiff may seek leave to amend his complaint in this respect as well.

**G. Leave to Amend**

Plaintiff's complaint as it stands does not set forth a claim on which relief may be granted. Plaintiff may, however, be able to set forth facts that would permit his claims to go forward. He shall therefore be permitted to move for leave to file an amended complaint within thirty (30) days of the date of this Opinion and Order. Any motion for leave to amend must be accompanied by a proposed amended complaint. Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot

be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, *Federal Practice and Procedure* 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Ibid.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Ibid.* Plaintiff may not include in his amended complaint those claims that were dismissed with prejudice.

### III. CONCLUSION

For the reasons stated above, Plaintiff's claims against Northern State Prison are dismissed with prejudice. The remainder of his claims are dismissed without prejudice. Plaintiff may move to amend his complaint within 30 days.

An appropriate order follows.

10/29/15
_____
Date

_____
ANNE E. THOMPSON
U.S. District Judge